IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KARA HOLMES**<br>162 W. Hamilton Street<br>West Milton, OH 45383 | : <br> : <br> : <br> : <br> : <br> : | **CASE NO.: 1:21-cv-107**<br><br>**JUDGE:** |
| **Plaintiff,** | : <br> : | |
| v. | : <br> : | **COMPLAINT** |
| **PREMIER HEALTH**<br>One Wyoming Street<br>Dayton, OH 45409 | : <br> : <br> : <br> : <br> : <br> : | **Jury Demand Endorsed Hereon** |
| **Defendant.** | : | |

NOW COMES Plaintiff Kara Holmes ("Plaintiff") and proffers this Complaint for damages against Defendant Premier Health ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Civil Rights Act of 1964, as amended by The Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) (hereinafter, "Title VII"), and the O.R.C. Chapter 4112 *et seq*.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed her

job duties predominately there and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

4. Plaintiff Kara Holmes is an individual, a United States citizen, and a resident of the state of Ohio.

5. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined under Title VII and O.R.C. Chapter 4112 *et seq.*

6. Defendant Premier Health is an Ohio Corporation that conducts business in the Southern District of Ohio.

7. At all times relevant herein, Defendant was a covered "employer" as that term is defined under Title VII and O.R.C. Chapter 4112 *et seq.*

## FACTUAL BACKGROUND

8. Plaintiff began working for Defendant in or around October 2014.

9. Plaintiff worked as a Patient Access Specialist at the time she was terminated from Defendant.

10. Plaintiff's job duties consisted of checking in patients, verifying patient's information, and determining whether or not the patient was mentally competent to sign waivers.

11. Plaintiff received satisfactory feedback from supervisors and coworkers.

12. Plaintiff discovered she was pregnant in early April 2019.

13. A few weeks after Plaintiff learned she was pregnant, she informed her supervisors and coworkers.

14. Plaintiff notified her Team Lead, Theresa Cottrell, and her Manager, Matt Hanley, about her pregnancy during a meeting where they discussed the upcoming employment schedule.

15. Plaintiff expressed to Ms. Cottrell and Mr. Hanley that her delivery date was expected in December 2019.

16. Mr. Hanley responded to Plaintiff by stating that she picked a good way to get off work for the holidays.

17. Mr. Hanley and Plaintiff's supervisor, Sarah Mathias, made additional comments about how they assumed that Plaintiff would complain over the next several months as a result of her pregnancy.

18. Over the next several months, Defendant took a number of negative actions against Plaintiff compared to Plaintiff's coworkers.

19. For instance, Defendant denied Plaintiff the opportunity to take lunch breaks and other types of breaks, and consistently required Plaintiff to work shifts by herself.

20. In contrast, Defendant allowed Chris (l/n/u) to take breaks when he wanted and did not schedule him to work shifts by himself.

21. Plaintiff continued to hear negative comments about her pregnancy.

22. For example, a month before Plaintiff's termination from Defendant, Ms. Mathias indicated to a coworker that Plaintiff would not be returning once she delivered her child.

23. On or about September 18, 2019, a patient was admitted to Defendant's hospital.

24. Plaintiff tried to check the patient in consistent with her job duties.

25. Plaintiff realized the patient may have an altered mental status.

26. Plaintiff reached out the patient's treating nurse, Christina (l/n/u), to retrieve viable information about the patient in order to register the patient.

27. Plaintiff could not reach Christina, so Plaintiff accessed the patient's triage notes to see if the patient had a history of Dementia or Alzheimer.

28. Defendant never informed Plaintiff that she was unable to access patients' triage notes.

29. Defendant suspended Plaintiff's employment on or around September 18, 2019, due to reviewing the patient's triage notes.

30. On or around September 24, 2019, Defendant terminated Plaintiff's employment based upon the September 18, 2019 incident.

31. Defendant supported its termination of Plaintiff stating her reviewal of the patient's triage notes, "falls outside of our [Defendants] business need to know and is HIPAA violation."

32. Defendant never advised Plaintiff that she could not review her patients' triage notes as part of performing her job duties.

33. Ms. Cottrell, Plaintiff's former Team Lead, stated in a text to Plaintiff following her termination, "I didn't know you weren't allowed to get into the triage notes when that was your patient," further stating, "I honestly don't think you did anything wrong."

34. Ms. Cottrell was one of the persons responsible for overseeing Plaintiff's work and was to advise Plaintiff on Defendant's policies.

## FIRST CAUSE OF ACTION
**Pregnancy Discrimination Act of 1978, Amendment to the Civil Rights Act of 1964 "Title VII"); 42 U.S.C. § 2000e(k)**

35. Plaintiff realleges and incorporates as if fully set forth herein, all proceeding paragraphs.

36. At all times relevant herein, Plaintiff was qualified to perform the essential functions of her job which she performed well, receiving positive feedback from supervisors and coworkers.

37. Plaintiff was a member of a protected class because she was pregnant at the time of her termination.

38. At all times herein, Defendant was aware of Plaintiff's pregnancy.

39. Plaintiff suffered an adverse employment action when her employment was terminated by Defendant.

40. Defendant's reason for terminating Plaintiff is a pretext for discrimination given, among other reasons, she was treated less favorably than similarly-situated, non-pregnant employees and Defendant's reason could not have motivated its decision to terminate her.

41. Defendant engaged in unlawful employment practices and discrimination in violation of Title VII by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia,* terminating Plaintiff because of her pregnancy.

42. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of Title VII.

43. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer.

44. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of her income in the form of wages and of prospective benefits solely because of Defendant's conduct.

45. The unlawful employment practices complained of herein and the actions of Defendant and its agents violated Plaintiff's statutorily protected employment rights.

46. As a result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered damages, entitling her to unpaid wages, attorneys' fees, and all other remedies available under Title VII.

## SECOND CAUSE OF ACTION
**Pregnancy Discrimination in Violation of Ohio Revised Code § 4112, *et seq.***

47. Plaintiff realleges and incorporates as if fully set forth herein, all proceeding paragraphs.

48. At all times relevant herein, Plaintiff was qualified to perform the essential functions of her job which she performed well, receiving positive feedback from supervisors and coworkers.

49. Plaintiff was a member of a protected class because she was pregnant at the time of her termination.

50. At all times herein, Defendant was aware of Plaintiff's pregnancy.

51. Plaintiff suffered an adverse employment action when her employment was terminated by Defendant.

52. Defendant's reason for terminating Plaintiff is a pretext for discrimination given, among other reasons, she was treated less favorably than similarly-situated, non-pregnant employees and Defendant's reason could not have motivated its decision to terminate her.

53. Defendant engaged in unlawful employment practices and discrimination in violation of O.R.C Chapter 4112 *et seq.,* by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia,* terminating Plaintiff because of her pregnancy.

54. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of O.R.C Chapter 4112 *et seq.*

55. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer.

56. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of her income in the form of wages and of prospective benefits solely because of Defendant's conduct.

57. The unlawful employment practices complained of herein and the actions of Defendant and its agents violated Plaintiff's statutorily protected employment rights.

58. As a result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered damages, entitling her to unpaid wages, attorneys' fees, and all other remedies available under O.R.C Chapter 4112 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks an award against Defendant in an amount equal to the liability, losses, damages, liquidated damages, punitive damages, attorneys' fees, costs, expenses and any other amounts available under the law incurred by Plaintiff for Defendant's violations.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery, Rd., Suite 11A
Cincinnati, OH 45242
(*brad@gibsonemploymentlaw.com*)
[T] (513) 834-8254
[F] (513) 834-8253

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)